The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 10, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 10, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 |
| TONYA GEORGE, Debtor. | Case No. 16-16430 |
| | Judge Arthur I. Harris |
| RICHARD A. BAUMGART, TRUSTEE, Plaintiff. | Adversary Proceeding No. 18-1080 |
| v. | |
| TONYA GEORGE, Defendant. | |

MEMORANDUM OF OPINION[1]

On July 19, 2018, Richard A. Baumgart, the Chapter 7 trustee, initiated this adversary proceeding alleging that the debtor, Tonya George, had failed on numerous occasions to comply with the Court's March 12, 2018, order requiring

---

[1] This Opinion is not intended for official publication.

the debtor to appear for further examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Accordingly, the trustee is seeking revocation of the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). This matter is currently before the Court on the trustee's motion for summary judgment. For the reasons that follow, the trustee's motion is granted.

## JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. On November 22, 2016, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Court granted the debtor a discharge on February 22, 2017 (Docket No. 16). On March 7, 2018, the trustee moved for the Court to direct the debtor to appear for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure because the trustee believed that the debtor had "knowledge and documentary evidence relative to the furtherance of the administration of the within case which has not yet been produced"

2

(Docket No. 25). On March 12, 2018, the Court entered an order granting the trustee's motion and directing the debtor to appear for examination on March 23, 2018 (Docket No. 26).

When the debtor failed to appear for examination on multiple occasions, the trustee filed the above-captioned adversary proceeding on July 19, 2018, asserting that the debtor had failed to obey the Court's order directing the debtor to appear for examination and seeking to have the debtor's discharge revoked under 11 U.S.C. § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 1). The debtor filed an answer on August 21, 2018, admitting that she did not appear at the rescheduled examinations but indicating good cause for her absences and a willingness to comply with the Court's order (Adv. Pro. Docket No. 4). On September 18, 2018, the Court held a pretrial conference where the parties requested a trial scheduling order. On September 21, 2018, the Court issued a trial scheduling order, giving the parties until October 31, 2018, to file dispositive motions and scheduling trial for February 14, 2019 (Adv. Pro. Docket No. 8). On October 30, 2018, the trustee filed a motion for summary judgment (Adv. Pro. Docket No. 10). The debtor did not timely respond to the trustee's motion for summary judgment.

3

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248 (1986)).

## DISCUSSION

The trustee seeks to have the Court revoke the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). Section 727(d)(3) provides in pertinent part:

4

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
>> (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
>> . . . .
>> (6) the debtor has refused, in the case–
>>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re*

5

*Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in § 727(a)(6), Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

First, the trustee has established that debtor had knowledge of the Court's March 12, 2018, order directing her to appear for examination, and the debtor's answer filed on August 21, 2018, confirms her knowledge of the order. *See* Adv. Pro. Docket No. 4. Second, the debtor failed to appear for examination despite numerous adjournments, in violation of the order. Finally, the order was specific and definite. *See* Docket No. 26.

Once the moving party establishes these three elements, the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke a debtor's discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient; rather, the debtor must provide supporting evidence to explain the noncompliance. *See Magack*, 247 B.R. at 410 (citing *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)). A debtor may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410-11.

In this proceeding, the trustee has established the necessary facts for revocation of the debtor's discharge under § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 10). The debtor was given an opportunity to explain her failure to comply with the Court's order directing her to appear for examination, but failed to do so by not asserting specific, supportive evidence in her answer that "all reasonable efforts to comply" have been undertaken, and by not filing a response to the trustee's motion for summary judgment. After reviewing the

evidence in a light most favorable to the debtor, the Court finds no genuine issue of material fact as to the debtor's failure to obey the Court's order directing her to appear for examination. Accordingly, judgment in favor of the trustee, and revocation of the debtor's discharge under § 727(d)(3) and (a)(6)(A), are warranted as a matter of law.

## CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment and revokes the debtor's discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A).

IT IS SO ORDERED.